Joshua K. Merkel, Esq. (SBN: 249877)
jmerkel@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Attorneys for Plaintiff
Katrina Thomas

# United States District Court
## Eastern District Of California – Fresno Division

| KATRINA THOMAS, | Case No.: _____ |
|---|---|
| PLAINTIFF, | |
| v. | **COMPLAINT FOR DAMAGES** |
| | **JURY TRIAL DEMANDED** |
| SIMM ASSOCIATES, INC., | |
| DEFENDANT. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

---

[1] 15 U.S.C. §§ 1692(a)-(e)

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. KATRINA THOMAS, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of SIMM ASSOCIATES, INC., ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff(s), or to their attorneys, which are alleged on personal knowledge.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

---

[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

9. Plaintiff is a natural person who resides in the City of Mariposa, County of Mariposa, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Newark, County of New Castle, State of Delaware.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

//
//
//

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

17. Sometime before February 26, 2007, Plaintiff allegedly incurred financial obligations to Applied Card that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before February 26, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before February 26, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about February 26, 2007, Defendant sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home and in the name of Defendant.

//
//

22. This letter to Plaintiff, sent by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

23. Defendant failed within five days after this initial communication with Plaintiff, to provide written notification containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, thereby violating 15 U.S.C. § 1692g(a)(4). Because of this omission, Defendant also violated Cal. Civ. Code § 1788.17.

24. Within a few days of receiving this demand letter from Defendant, Plaintiff contacted Defendant by telephone and spoke to "Brandon Smith," ("Smith"). Plaintiff's purpose in contacting Defendant was to arrange a payment plan by which Plaintiff could pay off the alleged debt.

25. During this conversation, Plaintiff explained that she could afford a $20.00 monthly payment. Smith told Plaintiff that he needed to speak to his supervisor, and did so while Plaintiff was still on the telephone.

26. After discussing the matter with his supervisor, Smith stated that Defendant would accept monthly payments of $20.00 from Plaintiff.

27. Plaintiff stated she would begin payments on April 7, 2007, and that Plaintiff would pay more than $20.00 when and if she could afford it.

28. Smith, on behalf of Defendant, reaffirmed that the payment arrangement was acceptable to Defendant.

//

//

//

29. At no point did Defendant or any of its agents represent to Plaintiff that the payment arrangement to which both Plaintiff and Defendant agreed was able to be unilaterally terminated by Defendant. Accordingly, Plaintiff was led to believe that she could continue her $20.00 monthly payments until the alleged debt was satisfied.

30. Plaintiff began making the $20.00 monthly payments.

31. On or about July 11, 2007, "Mike Fields," ("Fields") an agent of Defendant, contacted Plaintiff by telephone. During this conversation, Fields stated that the Plaintiff's monthly payments of $20.00 were "no longer acceptable," and that Plaintiff "need[ed] to pay more money."

32. By demanding more money from Plaintiff, and thereby breaking the established agreement between Plaintiff and Defendant, Defendant used an unfair or unconscionable means in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. § 1692f. Because Defendant violated 15 U.S.C. § 1692f, Defendant also violated Cal. Civ. Code § 1788.17.

33. Plaintiff explained that she could not afford a payment greater than $20.00, and that Plaintiff had an agreement with Smith that allowed Plaintiff to make $20.00 payments per month.

34. In response, Fields stated that Smith was no longer employed by Defendant and that he, Fields, had taken over all of Smith's accounts.

35. Plaintiff again stated that she was unable to pay Defendant anything more than $20.00 per month and asked to speak to a supervisor. Fields responded, "I am one," and refused to transfer Plaintiff to another person. Plaintiff then terminated the telephone conversation.

//

//

//

36. Fields immediately called Plaintiff back. Fields stated, in a tone and manner that Plaintiff felt was extremely abusive and condescending, "I will not be dictated to. *You* will not tell *me* how much you can pay. You will handle this my way, or else!"

37. The natural consequence of Fields' harsh tone and threat, "or else," was to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. § 1692d. Because Defendant violated 15 U.S.C. § 1692d, Defendant also violated Cal. Civ. Code § 1788.17.

38. At this point, Plaintiff began to cry because of Fields' abusive and threatening tone. Plaintiff again asked to speak to a supervisor, and Fields again refused, stating, "I'm the only one you can talk to."

39. Plaintiff is informed and believes, and thereon alleges, that Fields' statement that he was the only person with which Plaintiff could speak represents a false, deceptive, or misleading means used in connection with the collection of the alleged debt because Plaintiff, in reality, Plaintiff was free to speak to other agents of Defendant with regard to the alleged debt. As such, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10). Because Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), Defendant also violated Cal. Civ. Code § 1788.17.

40. During this same conversation, Fields stated that if Plaintiff did not agree to a payment arrangement by the end of the week that Fields deemed appropriate, Fields would call Plaintiff's place of employment and speak to Plaintiff's employer about "getting a wage garnishment."

//
//
//
//

41. This statement represents a false, deceptive, or misleading means used in connection with the collection of the alleged debt because Defendant never contacted Plaintiff's employer regarding wage garnishment. As such, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10). Because Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), Defendant also violated Cal. Civ. Code § 1788.17.

42. This statement also represents the threat to take action that Defendant did not intend to take or that Defendant could not legally take. As such, Defendant violated 15 U.S.C. § 1692e(5). Because Defendant violated 15 U.S.C. § 1692e(5), Defendant also violated Cal. Civ. Code § 1788.17.

43. This statement also constitutes the representation or implication that nonpayment of the alleged debt will result in garnishment of Plaintiff's wages when such action was not lawful and Defendant did not intend to take such action. As such, Defendant violated 15 U.S.C. § 1692e(4). Because Defendant violated 15 U.S.C. § 1692e(4), Defendant also violated Cal. Civ. Code § 1788.17.

44. This statement also represents a threat that nonpayment of the debt may result in garnishment of Plaintiff's wages when such action was not contemplated by Defendant or permitted by law. As such, Defendant violated Cal. Civ. Code § 1788.10(e).

45. Still during this conversation, Fields said that he would contact the Mariposa County Sheriff's Department to "have [Plaintiff] served."

46. This statement represents a false, deceptive, or misleading statement made in connection with the collection of the alleged debt because, in reality, Defendant never contacted the Mariposa County Sheriff's Department to have Plaintiff served.

//

//

47. This statement also represents the threat to take action that Defendant did not intend to take or that Defendant could not legally take. As such, Defendant violated 15 U.S.C. § 1692e(5). Because Defendant violated 15 U.S.C. § 1692e(5), Defendant also violated Cal. Civ. Code § 1788.17.

48. This statement also represents the false statement that a legal proceeding has been, will be, or is about to be instituted against Plaintiff unless Plaintiff paid the alleged debt. As such, Defendant violated Cal. Civ. Code §1788.13(j).

49. As a consequence of Fields' abuse and threats, Plaintiff felt ill and after terminating the conversation, immediately became physically ill.

50. Plaintiff's husband ("Scott") notice that Plaintiff was getting sick, and asked Plaintiff what was wrong. Plaintiff explained that Defendant had threatened her and was demanding money that Plaintiff could not pay.

51. Immediately, Scott contacted Defendant by telephone and spoke to Fields. Scott told Fields that Fields' conduct had caused Plaintiff to become ill and further stated that Defendant's conduct was "just not right."

52. In response, Fields stated, in a tone and manner that Scott felt was unduly condescending, "Well, why don't you just go and pat your little wife's head while she is vomiting."

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

//

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

58. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//
//

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

**TRIAL BY JURY**

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 8/14/07

Respectfully submitted,
**HYDE & SWIGART**

By: _____
Joshua K. Merkel, Esq.
Attorney for Plaintiff